Dear Secretary McKeithen:
We are in receipt of your request for an Attorney General's opinion regarding the proposed constitutional amendments voted on at the November 7, 2000 election. Your letter states:
 The wording of each constitutional amendment [No. 2, proposed income tax; No. 3, proposed sales tax] expressly required voter approval of both amendments for either to become effective. Preliminary election returns indicate that Constitutional Amendment No. 2 was not approved by the voters whereas Constitutional Amendment No. 3 received more yes than no votes. In view of these developments, we are seeking your guidance as to how this office and the governor's office should discharge their duties to most appropriately reflect the outcome of the election.
Act 48 (2000 Regular Session) consists of a joint resolution adopted by the Legislature proposing to amend the Constitution of this State to, in sum, eliminate the state income tax deduction for federal income taxes paid, and the current limitation on state individual and joint income tax rates, effective only if Act 49 (2000 Regular Session) is approved at the November 7, 2000 election. Act 49 (2000 Regular Session) consists of a joint resolution adopted by the Legislature proposing to amend the Constitution of this State to, in sum, exempt food, natural gas, electricity and water from sales and use tax, effective only if Act 48 (2000 Regular Session) is approved at the November 7, 2000 election. It is clear that the Legislature specifically tied the adoption of these proposed constitutional amendments to the approval of each at the November 7, 2000 election.
We note that the Secretary of State published the full text of each proposed constitutional amendment once in the official journal of each parish in accordance with LSA-Const. Art. XIII, 1(A) (1974). Additionally, the Secretary of State prepared a statement of the proposed constitutional amendments, explaining the scope and nature of the proposed amendments, which was approved by the Attorney General. R.S.18:431, 552. (Attachment A). This statement of proposed constitutional amendments was posted at the principal entrance to each polling place in accordance with law, R.S. 18:553. Both the publication of the full text of each proposed constitutional amendment and the posted statement of the proposed constitutional amendments clearly reflected that both proposed Constitutional Amendment No. 2 and proposed Constitutional Amendment No. 3 were required to be approved at the November 7, 2000 election for the amendments to be adopted. See, Hotard v. City of New Orleans, 35 So.2d 752
(La. 1948), (publication in the newspapers gives the voters full information as to the contents or provisions of a proposed constitutional amendment).
The unofficial results of the November 7, 2000 election indicate that proposed Constitutional Amendment No. 2 did not receive a majority vote, while proposed Constitutional Amendment No. 3 did receive a majority vote, and thus, you seek our opinion as to how the Secretary of State and the Governor should discharge their duties to most appropriately reflect the outcome of the election.
It is our opinion that by the terms of the Legislature's proposed changes to the constitution, neither of the proposed constitutional amendments that are the issue of this opinion was adopted. It is therefore the opinion of this office that the Secretary of State is required by law to promulgate the returns for the proposed constitutional amendments in accordance with R.S. 18:574(D) (F), but that there is no need for the Governor to issue any proclamation, since neither of the proposals satisfied the requirements for adoption as set forth in the proposals themselves.
Trusting this opinion addresses all of your concerns, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb Attachment Cc: Hon. Murphy J. "Mike" Foster Butch Speer, Clerk of the House Mike Baer, Secretary of the Senate
 STATEMENT OF PROPOSED CONSTITUTIONAL AMENDMENTS November 7, 2000
In compliance with R.S. 18:431, R.S. 18:552, R.S. 18:553 and R.S.18:1306, a statement of the Constitutional Amendments in the order in which they will appear on the ballot for the November 7, 2000 election is provided as follows:
1. Act 153 (2000 First Extraordinary Session) amends Article XII, § 12.
Present Constitution permits the legislature to authorize the organization of corporations for perpetual or indefinite duration.
Proposed Constitutional Amendment retains present law and authorizes the legislature to create a corporation to serve as a central source principal economic development organization of the state and to provide that the entity is exempt from the civil service provisions of the Louisiana constitution.
Proposed Constitutional Amendment authorizes the entity to engage in cooperative endeavors for economic development purposes and receive state funds as appropriated by the legislature for economic development purposes as provided by law.
2. Act 48 (2000 Regular Session) amends Article VII, § 4(A).
Present Constitution provides that federal income taxes paid shall be allowed as a deduction from state income taxes for the same period.
Present Constitution provides that the state individual and joint income tax schedule of rates shall never exceed the rates in effect on January 1, 1974.
Proposed Constitutional Amendment eliminates the state income tax deduction for federal income taxes paid.
Proposed Constitutional Amendment eliminates the current limitation on state individual and joint income tax rates and provides that state individual and joint income tax schedule of rates and brackets shall never exceed the rates and brackets in effect on January 1, 2001.
The proposed constitutional amendment shall become effective on January1, 2001 only if the proposed amendment adding Article VII, § 2.2 ofthe Constitution of Louisiana contained in the Act which originated asHouse Bill No. 98 of the 2000 Regular Session of the LouisianaLegislature is approved at the statewide election held on November 7,2000 and becomes effective.
3. Act 49 (2000 Regular Session) adds Article VII, § 2.2.
Proposed Constitutional Amendment provides that food for home consumption, natural gas, electricity and water shall be exempt from any sales and use tax levied by the state of Louisiana or by any statewide political subdivision.
The proposed constitutional amendment shall become effective on July 1,2002 only if the proposed amendment of Article VII, § 4(A) of theConstitutional of Louisiana contained in the Act which originated asHouse Bill No. 73 of the 2000 Regular Session of the LouisianaLegislature is approved at the statewide election held on November 7,2000 and becomes effective.
4. Act 152 (2000 First Extraordinary Session) amends Article VII, § 14(B).
Present Constitution prohibits the state or any political subdivision from loaning, pledging or donating any funds, credit, property, or things of value to any person, association or corporation, public or private with several specific exceptions. Authorizes, for a public purpose, the state and its political subdivisions or political corporations to engage in cooperative endeavors with each other, the United States or its agencies or with other public or private entities.
Proposed constitutional Amendment retains present law and adds an exception which authorizes a local governmental subidivision to loan, pledge or donate tax revenues dedicated to industrial or economic development or proceeds of bonds secured by such revenues to a beneficiary which by cooperative endeavor agreement agrees to locate or expand industrial enterprises within the local governmental subdivision and further agrees to hire a minimum number of local residents of the political subdivision as provided in the cooperative endeavor agreement. Requires the cooperative endeavor agreement to be subject to approval by the State Bond Commission.